UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY KENNELLY,

    Plaintiff,                                   CASE NO. 06-CV-12197

v.                                                DISTRICT JUDGE DAVID M. LAWSON
                                                   MAGISTRATE JUDGE CHARLES BINDER

BARRY J. TYRRELL,
MICHAEL R. KISSINGER,
A. FAGHIHNIA,
JOSIAH SMITH,
MICHIGAN DEP'T OF CORRECTIONS,
MICHIGAN STATE INDUSTRIES,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS JOSIAH SMITH P.A. & ARDISHIR FAGHIHNIA M.D.'S
MOTION TO DISMISS
<u>PURSUANT TO F.R.C.P. 12(b)(6) & 42 U.S.C. § 1997e</u>**
(Dkt. 28)

I.     <u>RECOMMENDATION</u>

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** because Plaintiff's complaint fails to demonstrate exhaustion of administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).[1]

II.     <u>REPORT</u>

    A.     Introduction

Plaintiff Gary Kennelly is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Cooper Street Correctional Facility in Jackson, Michigan. In 2004,

---

[1] In the event this R&R is adopted, the Plaintiff's pending motion to amend the complaint (Dkt. 32) will be moot.

he filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983 that was dismissed without prejudice for failure to demonstrate exhaustion of administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (E.D. Mich. Case No. 04-CV-10255.) On May 12, 2006, Plaintiff filed the instant case reasserting the previously-dismissed claims. Plaintiff alleges that he was injured on November 4, 2003, while working at his prison job. Plaintiff claims that his supervisor, Defendant Tyrrell, was deliberately indifferent to his health and safety when he instructed Plaintiff to assist in re-roofing a tall building in strong winds. Plaintiff states that while working on the roof, he was hit by a large airborne piece of rubber roofing material which knocked him down and caused injury to his back. Plaintiff also alleges that Dr. Faghihnia and P.A. Smith, prison health care professionals, violated his constitutional rights by refusing to do the testing necessary to correctly diagnose and treat his injury.

On July 27, 2006, the parties stipulated to the dismissal with prejudice of Defendants Barry Tyrrell, Michael Kissinger, Michigan Department of Corrections, and Michigan State Industries. (Dkt. 33.) Therefore, the only defendants remaining in the case are the medical providers, Defendants Faghihnia and Smith. These defendants filed a motion to dismiss on July 10, 2006, asserting that the complaint fails to demonstrate exhaustion of administrative remedies with regard to the claims brought against them. (Dkt. 28.) Plaintiff responded in opposition to the motion (Dkt. 31), and Defendants filed a reply. (Dkt. 34.)

By order of U.S. District Judge David M. Lawson, the case was referred to the undersigned Magistrate Judge for general case management on August 14, 2006. (Dkt. 37.) It appears that the case has not yet been screened pursuant to 28 U.S.C. § 1915(e)(2). The Sixth Circuit has made clear that,

> [u]nder § 1915(e)(2), a court is **required** to dismiss a case when the action satisfies § 1915(e)(2)(A) or § 1915(e)(2)(B). Under the Prison Litigation Act, courts have

2

no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) **when filed**, the district court should *sua sponte* dismiss the complaint. Section 1915A also provides for such *sua sponte* dismissals.

*McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (emphasis added). However, since Defendants' pending motion to dismiss covers the same issue that the Court would have addressed after conducting the screening, I conclude that a Report and Recommendation on the motion is appropriate.

      B.      **Motion Standards**

When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint "must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

      C.      **The Exhaustion Requirement**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The plain

3

language of the statute makes exhaustion a precondition to filing an action in federal court . . . ." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The exhaustion requirement is mandatory, and applies to all prisoner claims regardless of the types of relief offered through a prison's administrative procedures. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001).

In the Sixth Circuit, prisoners bear the burden of demonstrating that they meet the exhaustion requirement: "[T]his court will henceforth require that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To satisfy the burden of demonstrating exhaustion, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The Court looks solely to the complaint when determining whether the exhaustion requirement has been met. "[A] prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies if his action is covered by the PLRA." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). Similarly, exhaustion must have occurred prior to filing suit. The Sixth Circuit has held that a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The Michigan Department of Corrections provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. A Michigan prisoner must proceed through all three steps of the process, because an inmate "cannot abandon the process before completion and claim that he has exhausted

4

his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). *See also Booth*, 121 S. Ct. at 1822 (affirming dismissal of § 1983 action where prisoner filed an administrative grievance, but did not "go beyond the first step"). Therefore, to demonstrate exhaustion of administrative remedies, a Michigan prisoner must provide the Court with copies of the grievances he submitted at all three steps regarding each claim he seeks to raise under § 1983, and the administrative responses he received, up to and including the response to his Step III grievance appeal. In the absence of these documents, the grievances filed and the responses received must be described in detail.

The Court then reviews the grievances to determine whether each claim against each defendant was specifically raised, because the rule requires that "a prisoner file a grievance against the person he ultimately seeks to sue" so that "the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). Furthermore, "[f]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

Finally, the United States Supreme Court recently held in *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative agency's "critical procedural rules," such as time limits for filing grievances. *Id*. at 2386-88. Thus, following *Woodford*, if a plaintiff's grievance was denied as untimely, he has not properly exhausted his administrative remedies and that claim is barred.

**D.     Discussion**

In this case, Plaintiff attached copies of two Step I grievances to his complaint. In the first, Plaintiff asserted that he should not have been charged a co-pay for medication he received on April 13, 2004. (Step I Grievance No. JMF-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-01G.) I suggest that this grievance does not demonstrate exhaustion of any claim in this civil rights suit. Although Physician Assistant Josiah Smith is a named defendant and he was mentioned in passing in the Step I grievance protesting the co-pay, the grievance did not allege any "mistreatment or misconduct on the part of the defendant . . . ." *Burton*, 321 F.3d at 575.

In the second grievance, which was submitted to the MDOC on May 19, 2004, Plaintiff alleged that on November 4, 2003, while helping to install a new rubber roof on the Michigan Southern Industries factory, he was denied "adequate supervisory protection [and] safety" by Supervisor Barry Tyrrell, resulting in an injury to his back. (Step I Grievance No. JMF-0405-0105-2002-F, attached to compl.) In this grievance, Plaintiff did not name or allude to any defendants other than Defendant Tyrrell, who has been dismissed from the suit. Accordingly, I suggest that it does not demonstrate exhaustion of any claims remaining in the case.

No other Step I grievances were attached to or described in the complaint. However, I note that Plaintiff has filed a motion to amend the complaint (Dkt. 32) and has attached to that motion two grievances that appear to name Defendants Smith and Faghihnia. However, the Sixth Circuit has made it clear that the question of whether a plaintiff has met the requirement of demonstrating exhaustion is to be determined based upon the complaint and its exhibits. *McGore*, 114 F.3d at 612; *Baker v. Thomas*, 86 Fed. Appx. 906, 909 (6th Cir. 2004). Therefore, although in this case the issue of failure to exhaust was raised by Defendants in a motion to dismiss prior to the referral

of the case to the undersigned Magistrate Judge for screening, the result is the same: the documents attached to the motion to amend cannot be considered.

Furthermore, even if the Court could consider these documents, the first grievance (Dkt. 32 at Ex. 1) was denied on the grounds that it was untimely filed under the MDOC's grievance policy. The Supreme Court has held that the failure to submit grievances in accordance with the agency's time limits bars suit in federal court, *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), and therefore this grievance does not meet the PLRA's exhaustion requirement. The second grievance (also at Ex. 1) was responded to at Step II on May 10, 2006, only two days prior to the filing of this case. Therefore, since Step III of the process could not possibly have been completed prior to the filing of the federal action, this grievance likewise does not meet the requirement that exhaustion be completed prior to the filing of the lawsuit. *Freeman*, 196 F.3d at 645.

Accordingly, I suggest that Plaintiff's failure to demonstrate exhaustion of his claims in his complaint compels the dismissal of the case pursuant to 42 U.S.C. § 1997e(a) and Sixth Circuit precedent, and that Defendants' motion should therefore be granted.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections

a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ *Charles E. Binder* |
|  | CHARLES E. BINDER |
| Dated: September 8, 2006 | United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James R. Acho, Robert L. Blamer, Ronald W. Chapman, Kevin R. Himebaugh and David B. Mammel, and served in the traditional manner on Honorable David M. Lawson.

|  |  |
|---|---|
| Dated: September 8, 2006 | By   s/Mary E. Dobbick |
|  | Secretary to Magistrate Judge Binder |

8