UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY KENNELLY,

        Plaintiff,

v.

        Case Number 06-12197-BC
        Honorable Thomas L. Ludington

BARRY J. TYRRELL, MICHAEL R.
KISSINGER, A. FAGHIHNIA, JOSIAH
SMITH, MICHIGAN DEPARTMENT
OF CORRECTIONS, MICHIGAN
STATE INDUSTRIES,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before for the Court on a report issued by Magistrate Judge Charles E. Binder on September 8, 2006, recommending that the motion to dismiss from defendants A. Faghihnia and Josiah Smith be granted and that the plaintiff's complaint be dismissed for failure to demonstrate exhaustion of administrative remedies, as required by 42 U.S.C. § 1997e(a).

The plaintiff, who is currently incarcerated by the Michigan Department of Corrections, alleged that the remaining defendants, Drs. Faghihnia and Smith, violated his constitutional rights under 42 U.S.C. § 1983, by failing to diagnose and treat an injury the plaintiff suffered. This Court referred the case to the magistrate judge for general case management on August 14, 2006.

The magistrate judge recommended dismissing the complaint because the plaintiff had not exhausted his administrative remedies. 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under . . . [§ 1983] . . . by a prisoner confined in any jail, prison,

or other correctional facility until such administrative remedies as are available are exhausted." *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) ("requir[ing] that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies"). Additionally, a plaintiff "may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies" when § 1997e(a) applies to his action. *Baxter v. Rose*, 305 F.3d 496, 488 (6th Cir. 2002).

The plaintiff timely filed objections to the magistrate judge's recommendation. In response to the magistrate judge's conclusion that the plaintiff had not exhausted the administrative grievance process, the plaintiff provided documentation of the final two steps of the grievance procedure. The plaintiff asserts that the Michigan Department of Corrections, and not the plaintiff, caused the delay in providing these copies. The plaintiff did not preserve any other objection, and "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991) (citation omitted).

The plaintiff filed his complaint on May 12, 2006. The three steps of the grievance procedure concluded on March 22, 2006, May 23, 2006, and August 22, 2006, respectively. Thus, the plaintiff did not exhaust the administrative procedure before filing suit, and he may not amend his complaint to correct this deficiency.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #38] is **ADOPTED**, the plaintiff's objections [dkt #40] are **OVERRULED**, the motion to dismiss from defendants A. Faghihnia and Josiah Smith [dkt #28] is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the motion to dismiss from defendants Michigan Department of Corrections and Michigan State Industries [dkt #23] is **DISMISSED** as moot.

It is further **ORDERED** that the plaintiff's motion to amend [dkt #32] is **DISMISSED** as moot.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 16, 2006

<div style="border: 1px solid">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>